# United States Court of Appeals for the Federal Circuit

---

**QUALCOMM INCORPORATED,**
*Appellant*

**v.**

**APPLE INC.,**
*Appellee*

**COKE MORGAN STEWART, ACTING UNDER SECRETARY AND ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2023-1208, 2023-1209

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-01315, IPR2018-01316.

---

Decided: April 23, 2025

---

JENNIFER L. SWIZE, Jones Day, Washington, DC, argued for appellant. Also represented by ROBERT BREETZ, DAVID B. COCHRAN, Cleveland, OH; JOHN MICHAEL GRAVES, MATTHEW J. RUBENSTEIN, Minneapolis, MN; ISRAEL SASHA MAYERGOYZ, Chicago, IL.

LAUREN ANN DEGNAN, Fish & Richardson P.C., Washington, DC, argued for appellee. Also represented by MICHAEL JOHN BALLANCO, CHRISTOPHER DRYER.

MAUREEN DONOVAN QUELER, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by ROBERT J. MCMANUS, BRIAN RACILLA.

---

Before LOURIE, PROST, and REYNA, *Circuit Judges*.

REYNA, *Circuit Judge*.

Qualcomm Incorporated appeals from the final written decision on remand of the Patent Trial and Appeal Board. Apple Inc. filed two petitions for *inter partes* review challenging as unpatentable as obvious various claims of U.S. Patent No. 8,063,674, owned by Qualcomm. Each petition asserted a similar pair of grounds, one of which used certain applicant admitted prior art. The Board initially determined that the use of applicant admitted prior art in the ground complied with 35 U.S.C. § 311(b). The Board reached this determination because it concluded that, generally, applicant admitted prior art is "prior art consisting of patents or printed publications," which, under § 311(b), are the "only" references that can form "the basis" of a ground in a petition for *inter partes* review.

Qualcomm appealed, and this court held that the Board misinterpreted § 311(b), because applicant admitted prior art is not "prior art consisting of patents or printed publications," although it can be used in a petition for *inter partes* review under particular circumstances. We thus vacated and remanded for the Board to determine whether the applicant admitted prior art in Apple's petitions formed "the basis" of the ground at issue in violation of § 311(b). On remand, the Board interpreted the statute and determined that the applicant admitted prior art did not form

the basis of the ground. The Board thus concluded that the ground complied with § 311(b). We hold that the Board erred in its interpretation of § 311(b) and in its determination that the ground at issue complied with the statute. Accordingly, we reverse.

## BACKGROUND

This appeal arises from petitions for *inter partes* review ("IPR") by Apple Inc. ("Apple"), challenging as unpatentable various claims of U.S. Patent No. 8,063,674 ("the '674 patent"). The '674 patent is owned by Qualcomm Incorporated ("Qualcomm").

### I. The '674 Patent

The '674 patent relates to integrated circuit devices using multiple power supplies. '674 patent, 1:22–25. According to the '674 patent, typically, these devices have one lower-voltage power supply for "the internally operating or core applications" and devices, and a "higher-voltage power supply for I/O ['Input/Output'] circuits and devices." *Id.* at 1:26–40. An integrated circuit device uses "lever shifters" to "facilitate communication between the core and I/O devices." *Id.* at 1:28–29. Problems may arise when the core devices are "powered down," since "the I/O devices are connected through level shifters." *Id.* at 1:29–32. For instance, while the integrated circuit device is powering down, "stray currents" can inadvertently lead the level shifters to "send a signal to the I/O devices," which then "transmit the erroneous signal into the external environment." *Id.* at 1:34–40.

The '674 patent describes one prior art solution to the problems that may occur when a typical integrated circuit device is powered down. This solution uses "power-up/down detectors to generate a power-on/off-control (POC) signal" which, in turn, "instructs the I/O devices when the core devices are shut down." *Id.* at 1:55–58. An example

of this solution is provided in Figure 1, "a circuit diagram illustrating a conventional POC system for multiple supply voltage devices." *Id.* at 4:18–19. The figure is labeled "PRIOR ART":




(PRIOR ART)
FIG. 1

*Id.*, Fig. 1.

The patent identifies various features in this prior art. For instance, the patent states that, in certain circumstances, the detector's three transistors are on, which ultimately "caus[es] a significant amount of current to flow" from the I/O power supply to the ground, "consum[ing] unnecessary power." *Id.* at 2:21–30. The patent purports to solve this problem in the prior art by using "feedback circuits coupled to the up/down detector." *Id.* at 3:31–32. The patent describes these circuits as "configured to provide feedback signals to adjust" the detector's "current capacity," thereby preventing current from flowing to the ground. *Id.* at 3:33–34.[1]

[1] For a more detailed overview of the '674 patent, see *Qualcomm Inc. v. Apple Inc.*, 24 F.4th 1367, 1369–71 (Fed. Cir. 2022) ("*Qualcomm I*").

On appeal, claims 1, 2, 5–9, 12, 13, and 16–22 of the ’674 patent are at issue. Claim 1 is illustrative:

> 1. A multiple supply voltage device comprising:
>
> a core network operative at a first supply voltage; and
>
> a control network coupled to said core network wherein said control network is configured to transmit a control signal, said control network comprising: an up/down (up/down) detector configured to detect a power state of said core network; processing circuitry coupled to said up/down detector and configured to generate said control signal based on said power state;
>
> one or more feedback circuits coupled to said up/down detector, said one or more feedback circuits configured to provide feedback signals to adjust a current capacity of said up/down detector;
>
> at least one first transistor coupled to a second supply voltage, the at least one more first transistor being configured to switch on when said first supply voltage is powered down and to switch off when said first supply voltage is powered on;
>
> at least one second transistor coupled in series with the at least one first transistor and coupled to said first supply voltage, the at least one second transistor being configured to switch on when said first supply voltage is powered on and to switch off when said first supply voltage is powered down;
>
> at least one third transistor coupled in series between the at least one first transistor and the at least one second transistor.

’674 patent, claim 1.

## II. Procedural History

In 2018, Apple filed two IPR petitions, each challenging a different set of claims of the ’674 patent. J.A. 199–271, 2521–605. Each petition asserted the same two grounds alleging that the challenged claims are unpatentable as obvious under 35 U.S.C. § 103. J.A. 205, 2526. Each petition opened with a table listing the two grounds for the IPR challenge and stating the “Basis” of each ground. J.A. 205, 2526. Only Ground 2 is relevant to this appeal. The tables stated that the “Basis” of Ground 2 was “Applicants [sic] Admitted Prior Art (AAPA) [or ‘admissions’][2] in view of Majcherczak”[3] and, for certain claims, Matthews.[4] J.A. 205, 2526.

| Ground | ’674 Patent Claims | Basis for Rejection |
|---|---|---|
| **Ground 1** | **1, 2, 5-7** | §103: Steinacker in view of Doyle and Park |
| **Ground 2a** | **1, 2, 5, and 6,** | §103: Applicants Admitted Prior Art (AAPA) in view of Majcherczak |
| **Ground 2b** | **7** | §103: AAPA in view of Majcherczak and Matthews |

J.A. 205.

---

[2] The petitions identified AAPA as Figure 1 and text at 1:22–2:39 of the ’674 patent. J.A. 240, 246, 249, 2570, 2579.

[3] U.S. Patent Pub. No. 2002/0163364.

[4] U.S. Patent No. 6,646,844.

| Grounds | Claims | Basis |
|---|---|---|
| **Ground 1** | **8-9, 12-13, 16-22** | §103: Steinacker in view of Doyle and Park |
| **Ground 2a** | **8-9, 12-13, 17-21** | §103: Applicants Admitted Prior Art (AAPA) in view of Majcherczak |
| **Ground 2b** | **16, 22** | §103: AAPA in view of Majcherczak and Matthews |

J.A. 2526. The prior art patents, Matthews and Majcherczak, both relate to integrated circuit devices with multiple power supply voltages. Majcherczak, Abstract; Matthews, Abstract. In addition to the table summaries, the petitions argued that, for Ground 2, the asserted claims were obvious on a "[c]ombination of AAPA and Majcherczak" (and Matthews as relevant). J.A. 246–67, 2576–601.

In January 2020, the Board issued a consolidated final written decision on the two IPRs. J.A. 672–755 (also available as *Apple Inc. v. Qualcomm Inc.*, Nos. IPR2018-01315, IPR2018-01316, 2020 Pat. App. LEXIS 5250 (P.T.A.B. Jan. 3, 2020) ("*Initial Decision*")). The Board concluded that the challenged claims are not unpatentable under Ground 1 but are unpatentable under Ground 2. *Initial Decision* at *81–82. The Board addressed Qualcomm's argument that Ground 2 was "not permitted" because that ground violated the requirement under 35 U.S.C. § 311(b) that an IPR petition may "request to cancel as unpatentable 1 or more claims of a patent *only on the basis of prior art consisting of patents or printed publications*." *Id.* at *15–22 (quoting § 311(b)) (emphasis added). The Board rejected this argument, determining that "AAPA is admitted to be prior art and is found in the '674 patent" and was thus "prior art consisting of patents or printed publications," which can form "the basis" for a petitioner's request to cancel under § 311(b). *Id.* at *18–19.

Qualcomm appealed to this court. In August 2020, before the conclusion of the appeal, the U.S. Patent and Trademark Office ("PTO") Director issued a guidance memorandum on § 311(b). J.A. 5255–63 (also available as PTO

Memorandum, "Treatment of Statements of the Applicant in the Challenged Patent in Inter Partes Reviews Under § 311(b)," Aug. 18, 2020 ("Guidance Memorandum")). The Guidance Memorandum purported to respond to "the confusion in this area," due to apparent conflict between various Board decisions, including the Board's initial decision against Qualcomm. Guidance Memorandum at 3. The Guidance Memorandum provided that AAPA is not "prior art consisting of patents or printed publications" under § 311(b). *Id.* at 3–4. Nonetheless, the Guidance Memorandum provided that an IPR petition can use AAPA to "evidence the general knowledge possessed by someone of ordinary skill in the art." *Id.* at 4. The Guidance Memorandum concluded that this "evidence, if used in conjunction with one or more prior art patents or printed publications" to "form[] 'the basis' of the proceeding under § 311, can support an obviousness argument." *Id.*[5]

In February 2022, we decided Qualcomm's appeal. We determined that the Board "incorrectly interpreted § 311(b)'s 'prior art consisting of patents or printed publications' to encompass AAPA contained in the challenged patent." *Qualcomm I*, 24 F.4th at 1376–77. Still, we clarified that "the use of AAPA can be permissible in an *inter partes* review." *Id.* at 1377. We thus vacated the Board's final written decision and remanded for the Board to determine "whether AAPA improperly formed the 'basis' of Apple's challenge." *Id.*

In June 2022, before the Board decided on remand, the PTO Director issued another guidance memorandum. J.A. 5264–70 (also available as PTO Memorandum, "Updated Guidance on the Treatment of Statements of the

---

[5] The Guidance Memorandum also stated that "the basis" under § 311(b) "require[s] that at least one prior-art patent or printed publication form the 'foundation or starting point' of the IPR." *Id.* at 6.

Applicant in the Challenged Patent in Inter Partes Reviews Under § 311(b)," June 9, 2022 ("Updated Guidance")). The Updated Guidance responded to *Qualcomm I* and "supersedes" the prior Guidance Memorandum. Updated Guidance at 1–3. It interpreted § 311(b) to require an "in combination" rule: In an IPR petition that "relies on admissions in combination with reliance on one or more prior art patents or printed publications, those admissions do not form 'the basis' of the ground." *Id.* at 4. Citing *Qualcomm I*, the Updated Guidance enumerated instances in which an IPR petitioner can rely on AAPA for a skilled artisan's "general" or "background" knowledge without treating AAPA as "the basis" in violation of § 311(b). *Id.* at 4–5.[6]

Finally, in November 2022, the Board decided on remand that the challenged claims of the '674 patent are unpatentable as obvious on Ground 2. J.A. 1–65 (also available as *Apple Inc. v. Qualcomm Inc.*, No. IPR2018-01315, 2022 WL 19835716 (P.T.A.B. Nov. 10, 2022) ("*Final Decision*")). The Board determined that Apple's use of AAPA in its IPR petitions did not violate § 311(b) because the AAPA did not form the basis of Ground 2. *Final Decision*, 2022 WL 19835716, at *9–12. The Board adopted the Updated Guidance's interpretation of § 311(b) as its own, specifically, the "in combination" rule: AAPA does not form the basis of a ground in violation of § 311(b), if the ground

---

[6] The Updated Guidance also stated: "Because the Federal Circuit has made clear that it is appropriate in an IPR to rely on admissions in an obviousness analysis (*Qualcomm* [*I*], 274 F.4th 1376), Board panels should not exclude the use of admissions based on the number of claim limitations or claim elements the admission supplies or the order in which the petition presents the obviousness combination (e.g., prior art modified by admission or admission modified by prior art)." *Id.* at 5. Instead, the Board should consider "the asserted ground as a whole." *Id.*

relies on the AAPA in combination with prior art patents or printed publications. *Id.* at *9. Applying this interpretation, the Board determined that, because Ground 2 relied on AAPA "in combination" with prior art patent(s) (i.e., Majcherczak and, as relevant, Matthews), the AAPA did not form the basis of Ground 2 in violation of § 311(b). *Id.*

The Board then evaluated whether AAPA formed the basis of Ground 2 in violation of § 311(b), employing an analysis not directly tied to its statutory interpretation (i.e., setting aside the "in combination" rule). First, the Board addressed Qualcomm's arguments that Apple's petitions used AAPA as the basis of Ground 2 because the petitions "conceded that AAPA forms the basis of the Ground 2 challenge" by expressly stating that the "Basis" of Ground 2 was "Applicants [sic] Admitted Prior Art (AAPA) in view of Majcherczak" (and, as relevant, Matthews). *Id.* at *10 (referring to statements, inter alia, at J.A. 205, 2526). The Board rejected this argument, because, per *Qualcomm I*, AAPA can be relied on without violating § 311(b), so these express statements are "not determinative as to what the ground is based on." *Id.*

Second, the Board addressed Qualcomm's arguments that, setting aside Apple's "concessions," Apple's petitions used AAPA as the basis of Ground 2 in violation of § 311(b). *Id.* at *10–12. The Board rejected these arguments by relying on *Qualcomm I*, related precedent, and parts of the Updated Guidance not directly drawn from the statutory interpretation that produced the "in combination" rule (e.g., the Board relied on the Updated Guidance's rejection of a "foundation or starting point test" to determine whether AAPA forms the basis in violation of § 311(b), *see supra* nn.5–6). *Final Decision*, 2022 WL 19835716, at *10–12.

Administrative Patent Judge Galligan concurred, joining the majority only for its interpretation and application of the Updated Guidance's "in combination" rule. *Id.* at *26

(Galligan, Administrative Patent Judge, concurring) (citing *id.* at *9). He explained that "the answer to the question we must decide on remand is found in the Director's Updated Guidance," whereas "the remaining discussion" applying § 311(b) without directly using the "in combination" rule "is unnecessary." *Id.*

Qualcomm appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We address three issues raised on appeal. First, whether the Board's decision to consider Ground 2 during IPR proceedings, based on its interpretation and application of § 311(b), is reviewable by this court. Second, whether the Board misinterpreted § 311(b). Third, whether the Board erred in determining that Ground 2 complied with § 311(b).

All three issues relate to the language of § 311(b) and the Board's interpretation of it. We begin by providing the relevant texts. Section 311(b) reads in full:

> A petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and *only on the basis of prior art consisting of patents or printed publications*.

35 U.S.C. § 311(b) (emphasis added). To interpret this provision, the Board stated:

> If an IPR petition *relies on admissions in combination* with reliance on one or more prior art patents or printed publications, those admissions do not form "the basis" of the ground and must be considered by the Board in its patentability analysis.

*Final Decision*, 2022 WL 19835716, at *9 (quoting Updated Guidance at 4) (quotations omitted) (emphasis added).

I

Apple asserts that Qualcomm's appeal is barred from judicial review. Appellee's Br. 16–20. Apple cites 35 U.S.C. § 314(d), which states: "The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable." Apple argues that Qualcomm's challenge under § 311(b) is a challenge to the Board's determination to institute Apple's two IPRs. Appellee's Br. 16–17. Apple contends that challenging "the basis" of Ground 2 as "not permissible" under § 311(b) amounts to a challenge of the decision to institute the IPRs. *Id.* Apple primarily cites *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261 (2016), and case law following it. Appellee's Br. 16–19. We conclude that Qualcomm's appeal is reviewable.

In *Cuozzo*, the Supreme Court established principles for reviewability under § 314(d). 579 U.S. at 271–76. The Court decided § 314(d) is not an absolute bar to an IPR-related appeal: While there is a "strong presumption favoring judicial review," this presumption can be "overcome" by "clear and convincing indications . . . that Congress intended to bar review." *Id.* at 273 (quotations omitted). The Court determined that such indications preclude review under § 314(d) in limited circumstances, in particular, when a patent holder's challenge to a decision to institute an IPR "consist[s] of questions that are *closely tied* to the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review" under § 314. *Id.* at 275 (emphasis added). According to the Court, Congress meant the provision to give the PTO "significant power to revisit and revise earlier patent grants" without the inefficiencies of unnecessary oversight that would manifest if every "ordinary dispute" were subject to review. *Id.* at 271–72. The Court concluded that *Cuozzo* presented one such "ordinary dispute." *Id.* at 271–76. The Court reasoned that the patent holder's argument that the petitioner had not pled "with particularity" (as required by

35 U.S.C. § 312(a)(3)) amounted to "little more than a challenge to" the determination to authorize the IPR given the "information presented in the petition" under 35 U.S.C. § 314(a). *Id.* at 276. The Court concluded that the patent holder's challenge was not reviewable. *Id.*

Nonetheless, the Court did not "decide the precise effect of § 314(d) on appeals that implicate constitutional questions, or that present other questions of interpretation that reach, in terms of scope and impact, well beyond" § 314. *Id.* at 274–75 (quotations omitted). The Court presented examples where an IPR institution decision imperils due process or "act[s] outside" the PTO's "statutory limits." *Id.* at 275.

The Court considered *Cuozzo*'s beyond-statutory-limits exception in *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 371 (2018). *SAS* held that § 314(d) does not bar judicial review of a challenge against the PTO Director's so-called power of "partial institution," i.e., to select which challenged claims to include when instituting an IPR. *Id.* at 363–71. The Court decided that the practice of partial institution "appears nowhere in" the statute and thus exceeded the "statutory limits" warned of in *Cuozzo*. *Id.* at 363 (quotations omitted), 371 (quoting *Cuozzo*, 579 U.S. at 275) (quotations omitted). The Court concluded that review of partial institution decisions follows the Administrative Procedure Act ("APA") requirement to "set aside agency action not in accordance with law or in excess of statutory jurisdiction, authority, or limitation." *Id.* at 371 (quoting 5 U.S.C. §§ 706(2)(A), (C)) (quotations omitted).

Subsequent decisions followed *Cuozzo* in denying judicial review under § 314(d) where relevant statutory requirements are "closely tied" to IPR institution decisions. In *Thryv, Inc. v. Click-to-Call Techs., LP*, the Supreme Court decided that it is impermissible to review an appeal about a "time limitation." 590 U.S. 45, 53–60 (2020) (on 35 U.S.C. § 315(b), which requires an IPR "may not be

instituted if the petition requesting the proceeding . . . is filed more than 1 year after the date on which" the requesting party is "served with a complaint alleging infringement"). Similarly, in *ESIP Series 2, LLC v. Puzhen Life USA, LLC*, we determined that review is impermissible when an appeal concerns a "parties in interest" requirement. 958 F.3d 1378, 1385–86 (Fed. Cir. 2020) (on 35 U.S.C. § 312(a)(2), which requires an IPR petition "may be considered only if" it includes "identification of all real parties in interest").

These cases involved "ordinary" challenges to straightforward procedural rules "closely tied" to IPR institution decisions. *See Cuozzo*, 579 U.S. at 275. On the other hand, we have heard IPR appeals—including *Qualcomm I*—where challenged issues were related, but not "closely," to institution decisions. In these cases, we did not bar review under § 314(d). For example, in *Koninklijke Philips N.V. v. Google LLC*, we decided that the Board erred by instituting an IPR based on a combination of prior art not in the petition. 948 F.3d 1330, 1335–38 (Fed. Cir. 2020). There, we did not address § 314(d) or nonappealability generally. *Id.* The issue of whether review was precluded did not arise. This approach conforms with *SAS* and later case law. For instance, *Thryv* distinguished the challenge in *SAS* as rooted in "the manner in which the agency's review proceeds once instituted," while *Thryv* concerned "whether the agency should have instituted review at all." *Thryv*, 590 U.S. at 58.[7]

---

[7] We have clarified that *Thryv* addressed the "threshold" issue of whether to institute an IPR: "*Thryv* held that the 'No Appeal' provision [§ 314(d)] barred judicial review of the *threshold* decision to institute inter partes review despite the argument that the Board exceeded its statutory authority in doing so." *SIPCO, LLC v.*

Qualcomm does not challenge the Board's "threshold" decision to institute the IPRs. *See SIPCO*, 980 F.3d at 870. Rather, Qualcomm challenges the Board's determination of unpatentability on Ground 2, with respect to the use of AAPA in reaching that determination. Appellant's Br. 2–3 (asserting "the Board erred in deciding this ground" (i.e., Ground 2), not the institution of the IPRs in the first place, and not asking for cancellation of the IPRs), 20 ("[T]he Board thus erred in rendering a *patentability determination* for Ground 2" (emphasis added)); *see also* Appellant's Reply Br. 27. In other words, Qualcomm's challenge pertains to the Board's interpretation and application of a statutory provision, § 311(b), on what qualifies as a permissible basis for a ground in an IPR petition.

Moreover, Qualcomm's appeal originates from its challenge to only part of the Board's final written decision prior to remand—its consideration of Ground 2—and not the decision to institute review. The Board decided on two grounds, only one of which, Ground 2, is now on appeal. *See* J.A. 753 (concluding the challenged claims are unpatentable as obvious on Ground 2 and rejecting Apple's Ground 1). Qualcomm does not address Ground 1 on appeal and does not seek cancellation of the institution of the IPRs as a whole. *See* Appellant's Br. 4 (requesting reversal of the Board's judgment, not cancellation of the IPRs).

Accordingly, Qualcomm's challenge does not pertain to the Board's determination about a run-of-the-mill statutory provision of a procedural nature regarding the threshold decision of whether to institute an IPR. Rather, as in *SAS*, Qualcomm's appeal presents a question about "the

---

*Emerson Elec. Co.*, 980 F.3d 865, 869 (Fed. Cir. 2020) (emphasis added). In *SIPCO*, we explained *Thryv* held that § 314(d) bars review of challenges to "whether the agency should have instituted review at all." *Id.* at 871 (quoting *Thryv*, 590 U.S. at 58) (quotations omitted).

manner in which the agency's review proceeds once instituted." *Thryv*, 590 U.S. at 58. Thus, Qualcomm's appeal falls outside the criteria for unreviewability under § 314(d), as established in the above precedent.

Based on the foregoing, we hold that Qualcomm's appeal is not barred from review under § 314(d).

II

We now turn to Qualcomm's arguments that the Board erred in interpreting § 311(b) and in determining that Ground 2 complied with § 311(b). We review Board decisions "under the standards provided in the" APA, 5 U.S.C. § 706. *Unwired Planet, LLC v. Google Inc.*, 841 F.3d 1376, 1379 (Fed. Cir. 2016). The APA requires us to "set aside" Board actions if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or unsupported by substantial evidence." *Id.* (quotations and citation omitted). "We review the Board's statutory interpretation de novo." *Id.* (citation omitted).

A

Qualcomm argues that the Board erred in its interpretation of § 311(b). Appellant's Br. 2. According to Qualcomm, § 311(b) is not "satisfie[d]" when, as the Board stated, "a ground includes AAPA 'in combination with reliance on one or more prior art patents or printed publications.'" *Id.* at 2–3 (quoting *Final Decision*, 2022 WL 19835716, at *9), 39–43. Qualcomm argues that a petition cannot "us[e] AAPA to form the basis of an IPR ground," because the "only" permissible "basis" for an IPR ground is "prior art consisting of patents or printed publications." Appellant's Br. 23 (quoting § 311(b)) (quotations omitted). Qualcomm asserts that this position is supported by the plain meaning of the statute and related precedent. Appellant's Br. 22–31. We hold that the Board's interpretation of § 311(b) contravened the plain meaning of the statute.

When interpreting a statute, we first look to its language and plain meaning, including its text and structure. *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016); *Hyatt v. United States Pat. & Trademark Off.*, 904 F.3d 1361, 1374 (Fed. Cir. 2018) (citations and quotations omitted). If the language is "unambiguous and the statutory scheme is coherent and consistent," the inquiry ends there. *Thaler v. Vidal*, 43 F.4th 1207, 1213 (Fed. Cir. 2022) (citations and quotations omitted).

Section 311(b) states that a petitioner "may request to cancel as unpatentable" claims "only on the basis of prior art consisting of patents or printed publications." This means that "the basis" of an IPR ground asserting unpatentability can "only" include "prior art consisting of patents or printed publications." In *Qualcomm I*, we clarified that, according to the plain language of § 311(b), related case law, and a "natural reading" of the statute, AAPA is not a prior art patent or printed publication. 24 F.4th at 1373–75 (determining that AAPA "is not contained in a document that is a prior art patent or printed publication"). Thus, because the basis can only include prior art consisting of patents or printed publications, and because AAPA is not a prior art patent or printed publication (per *Qualcomm I*), it follows that the plain meaning of § 311(b) does not permit the basis to include AAPA.

By contrast, the Board interpreted § 311(b) to provide that AAPA does "not form 'the basis' of the ground" where "an IPR petition relies on admissions *in combination* with reliance on one or more prior art patents or printed publications." *Final Decision*, 2022 WL 19835716, at *9 (quoting Updated Guidance at 4) (quotations omitted) (emphasis added). This interpretation would establish an "in combination" rule that would provide that AAPA cannot form the basis of a ground and, as a result, must be considered by the Board, *whenever* a petition combines AAPA with prior art patents or printed publications. We recognize that there are *instances* in which a petition may rely

in part on AAPA, such as to indicate the general knowledge of a person of ordinary skill in the art, without contravening § 311(b). *Koninklijke Philips*, 948 F.3d at 1339. But it cannot be that AAPA *never* forms the basis of a ground under § 311(b) whenever AAPA is combined with prior art patents or printed publications. Such a rule would not account for situations where a petition relies on AAPA in combination with prior art patents and printed publications but *also* includes the same AAPA as the basis or part of the basis. In those situations, a Board determination considering AAPA would violate § 311(b), because, as explained, the plain language of § 311(b) limits "the basis" to "prior art consisting of patents or printed publications." The statute is clear.

The Board exceeded this statutory limit by determining that the mere combination of AAPA with prior art patents or printed publications automatically excludes AAPA from the basis of a ground. Under the plain meaning of § 311(b), the question is whether a petitioner has used AAPA as the basis, or part of the basis, of a ground—not whether the request relies on AAPA in combination with prior art patents or printed publications. Accordingly, the Board failed to properly interpret § 311(b).

The Board cited *Qualcomm I* and *Koninklijke Philips* for the position that an IPR petition may "rely on" AAPA to "supply a missing claim limitation" to show "the general knowledge of a skilled artisan" when assessing obviousness. *Final Decision*, 2022 WL 19835716, at *9 (quoting *Qualcomm I*, 24 F.4th at 1375–76 (quotations omitted) (cleaned up), and *Koninklijke Philips*, 948 F.3d at 1337–38); *see also* Updated Guidance at 4 (providing similar citations).[8] But, in *Qualcomm I*, we determined

---

[8] While we acknowledge the instructional value of the Updated Guidance, we recognize that it is not binding

that an IPR petition may rely on AAPA for certain uses, so long as the AAPA is not the basis of a ground in violation of § 311(b). 24 F.4th at 1375. Meanwhile, in *Koninklijke Philips*, we did not directly address "the basis" under § 311(b). 948 F.3d at 1337–38. In neither case did we hold that AAPA does not form the basis of a ground if used in combination with prior art patents or printed publications.

On this point, the Board correctly read *Qualcomm I* to determine that a petitioner may rely on AAPA. *See Final Decision*, 2022 WL 19835716, at *9. But the Board went further to conflate "reliance" as used in this case law with "basis" under § 311(b). We have not established a blanket rule that, as the Board proposes, AAPA used in combination with prior art patents or printed publications under § 311(b) is *ipso facto* not the basis or part of the basis of a ground. As explained above, this interpretation would permit use of AAPA beyond what is permitted under the plain language of the statute. The Board erred by adopting this incorrect interpretation.

B

Qualcomm argues that the Board erred in applying § 311(b) to determine that Ground 2 complied with the statute. Appellant's Br. 42–46. According to Qualcomm, the Board reached this conclusion by applying an incorrect interpretation (i.e., the "in combination" rule) and misapplying § 311(b) in other ways. *Id.* at 42–46. Apple and the PTO Director, as intervenor, respond that, under *any* reasonable interpretation of § 311(b), Ground 2 complies with the statute. Appellee's Br. 21–40; Intervenor's Br. 29–32.

The Board determined that the AAPA at issue—Figure 1 of the '674 patent and accompanying text—does not form the basis of Ground 2 under § 311(b). *Final Decision*,

---

on this court and does not carry the force of law. *In re Rudy*, 956 F.3d 1379, 1382 (Fed. Cir. 2020).

2022 WL 19835716, at *9–12. Accordingly, the Board concluded that Ground 2 complied with § 311(b). *Id.* The Board thus considered Ground 2 and, under that ground, concluded that the challenged claims are unpatentable as obvious. *Id.* at *12–26. Qualcomm asserts that Apple's petitions expressly and substantively "includ[ed] AAPA" as the basis of Ground 2, thereby contravening § 311(b). Appellant's Br. 32–39. In Qualcomm's view, the Board should have determined that Ground 2 violated § 311(b) and thus could not provide a ground for unpatentability. *Id.* at 42–46. For the following reasons, we agree with Qualcomm that the Board misapplied § 311(b) to conclude that Ground 2 complies with the statute.

First, the Board erred when it applied its incorrect statutory interpretation to conclude that "it is the prior art patents—Majcherczak and, when used, Matthews—that form the basis of the challenge and AAPA is simply being used to provide missing limitations," and not as the basis of Ground 2 in violation of § 311(b). *Final Decision*, 2022 WL 19835716, at *9. The Board reached this conclusion by determining that, "[b]ecause Petitioner's grounds involve a *combination* of AAPA and prior art patent(s), AAPA does not form the basis of the ground." *Id.* (emphasis added). In other words, the Board applied its "in combination" rule to determine that the AAPA was not the basis of Ground 2 in violation of § 311(b). As we note above, we conclude that this "in combination" rule reflects an incorrect statutory interpretation. *See supra* Discussion Section II.A. Here, the Board applied that incorrect interpretation to conclude that Ground 2 complied with § 311(b). This was error.

Second, the Board furthered this error when it rejected Qualcomm's argument that Apple's petitions expressly stated or "conceded that AAPA forms the basis of the Ground 2 challenge." *Final Decision*, 2022 WL 19835716, at *10. But Apple did expressly state that AAPA is included in the basis of Ground 2. Each petition opened with a table that prominently labeled the "Basis" of Ground 2 as

"AAPA in view of Majcherczak" (and Matthews, as relevant). J.A. 205, 2526.[9] Addressing these statements, the Board acknowledged that Qualcomm "identifies the relevant challenge as being based on AAPA and Majcherczak (with or without Matthews)." *Final Decision*, 2022 WL 19835716, at *10. Nonetheless, the Board went on to determine that Qualcomm failed to "point to a concession that AAPA forms the basis of the ground." *Id.* Yet, the statements from the tables in Apple's petitions clearly designate AAPA as included in the basis of Ground 2. In other words, these are express statements by Apple that AAPA was part of the basis of Ground 2—a violation of § 311(b).

The Board's conclusion that Apple's express statements about Ground 2's basis were not concessions reflected the Board's application of its incorrect statutory interpretation. The Board explained that these statements merely "describe how the grounds include both AAPA and a prior art patent, Majcherczak" as used "in combination." *Id.* The Board further explained that "the fact that a ground relies on both applicant admissions and a prior art patent is not determinative." *Id.* But the Board treated such reliance on both AAPA and prior art patent(s) as determinative of the alternative conclusion—i.e., of the conclusion that AAPA is *not* the basis or part of the basis of a ground. *See id.* This reasoning parallels the Board's interpretation of § 311(b), in which reliance on AAPA in combination with prior art patents or printed publications renders that AAPA as not included in the basis of a ground. Above, we concluded that this interpretation is incorrect: Reliance on AAPA in combination with prior art patents or printed publications does not automatically render the

[9] It is also significant that Apple's response brief, in Qualcomm's initial appeal from the Board prior to remand, described Ground 2 as "based on AAPA in view of the Majcherczak reference." J.A. 5087.

AAPA as not included in the basis of a ground. *See supra* Discussion Section II.A. In other words, just because Apple relied on AAPA in combination with prior art patent(s) does not mean that the AAPA was not included in the basis of Ground 2 in compliance with § 311(b). The Board's determination otherwise assumed an incorrect interpretation of the statute.

Moreover, the Board improperly turned to *Qualcomm I* to support its conclusion that Apple had not conceded that AAPA was included in the basis of Ground 2. The Board quoted *Qualcomm I*'s determination that an IPR petition "may rely" on AAPA, "even" if the AAPA is not the basis of a ground. *Final Decision*, 2022 WL 19835716, at *10 (quoting 24 F.4th at 1375–76) (quotations omitted). But the issue here is not whether a petition can "rely on" AAPA. Qualcomm has not challenged *Qualcomm I*'s determination that a petition may rely on AAPA in combination with prior art patents or printed publications. *See* Appellant's Reply Br. 5. Rather, the issue is whether AAPA was included in the basis of Ground 2 in violation of § 311(b). It matters that Apple expressly included AAPA in the "Basis" of Ground 2. *See* J.A. 205, 2526. Reliance on AAPA in combination with prior art patents or printed publications is not dispositive of whether AAPA is included in the basis of a ground. But what is dispositive are express statements—as in Apple's petitions—that AAPA is in the "Basis" of a ground. *See id.*

In this instance, we agree with Qualcomm that Apple should be held to the phrasing of its petition because an IPR petitioner is the "master of its own petition." *Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1041 (Fed. Cir. 2022); *see* Appellant's Br. 34. Apple responds that, under any reasonable interpretation of § 311(b), Apple should not be held to its express use of "basis," because *Intuitive Surgical* is inapplicable. Appellee's Br. 44–45. According to Apple, *Intuitive Surgical* addressed how "a petitioner could have better crafted its arguments to fit three

grounds within two IPR petitions instead of three"—not the petitions' phrasing. Appellee's Br. 44–45. But, when *Intuitive Surgical* considered how the petitioner could have reduced the number of petitions, we did address phrasing: We determined that the petitioner "could have made its challenges *more pointed and specific* so as to fit all of its grounds in two petitions satisfying the word limits." *Intuitive*, 25 F.4th at 1041 (emphasis added).

Apple and the PTO Director, as intervenor, further argue that Qualcomm's concessions argument prioritizes "labels over substance" in violation of § 311(b). Appellee's Br. 44; Intervenor's Br. 21–23. They assert that the statute requires "the basis" of a ground be determined by considering the substance of an IPR petition, not its form. Appellee's Br. 44–45; Intervenor's Br. 23–24. But the plain language of § 311(b) does not provide any direction about whether the form of a petition determines if AAPA is included in the basis of a ground. *See* 35 U.S.C. § 311(b). We see no support for the position that an IPR petitioner should not be held to its express inclusion of AAPA in the basis of a ground. Here, Apple's petitions expressly included AAPA in the "Basis" of Ground 2. *See* J.A. 205, 2526. It was thus error for the Board to determine that, despite these express statements, the use of AAPA in Ground 2 complied with § 311(b).

We conclude that the Board erred in determining that Ground 2 complied with § 311(b). Accordingly, the Board should not have considered Ground 2 in its final written decision and should not have determined that the challenged claims are unpatentable as obvious under Ground 2. Because the Board rejected Ground 1, and because there were no other grounds, the Board should have determined that the challenged claims are not unpatentable.

Due to the unequivocal use of "basis" in Apple's petitions, we need not consider whether, in substance, Ground

2 included AAPA in its basis.[10] We expect that future cases may require the PTO and this court to consider the substance of a petition to determine compliance with § 311(b).

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the above reasons, we conclude that Qualcomm's appeal is reviewable and that the Board erred in determining that the challenged claims of the '674 patent are unpatentable as obvious.

**REVERSED**

---

[10] Apple and the PTO Director argue that the Board properly rejected other arguments considering the substance of Apple's petitions (e.g., rejecting a "foundation" or "starting point" test that considers the "order in which a petition presents the obviousness combination," Updated Guidance at 5). Appellee's Br. 50–55; Intervenor's Br. 24–32. We need not reach these counterarguments, because we conclude that Apple's express statements in its petitions are sufficient to establish that Apple included AAPA in the basis of Ground 2, thereby violating § 311(b).